DAVID F. BETZ
IMPACT LAW GROUP PLLC
1325 Fourth Avenue, Suite 1400
Seattle, WA 98101
Telephone: (206) 792-5230
Facsimile: (206) 452-0655
Email: david@impactlawgroup.com

Attorneys for Use Plaintiff Barnhart Crane and Rigging Co.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of BARNHART CRANE AND RIGGING CO., a Tennessee corporation,<br><br>Plaintiff,<br><br>v.<br><br>DIX CORPORATION, a Washington corporation; and FIDELITY AND DEPOSIT COMPANY OF MARYLAND (Bond No. 9216357), a Maryland corporation,<br><br>Defendants. | Case No. 2:18-cv-00039<br><br>COMPLAINT:<br>  1) BREACH OF CONTRACT;<br>  2) UNJUST ENRICHMENT/ QUANTUM MERUIT;<br>  3) MILLER ACT BOND ENFORCEMENT<br><br>**DEMAND FOR JURY TRIAL – FRCP 38(b)** |

The Plaintiff, UNITED STATES OF AMERICA, for the use and benefit of BARNHART CRANE AND RIGGING CO. (hereinafter "Barnhart") alleges as follows:

COMPLAINT - 1

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

## I. PARTIES

1. Barnhart is and at all times material hereto was a corporation organized and existing under the laws of the state of Tennessee and was duly registered and authorized to do business as a contractor in the state of Washington. Barnhart has paid all corporate license fees and met all other prerequisites to maintain this suit.

2. Defendant Dix Corporation (hereinafter "Dix") is a corporation organized and existing under the laws of the state of Washington, with its principal place of business located in Spokane, Washington.

3. Defendant Fidelity and Deposit Company of Maryland (hereinafter "Fidelity") is, upon information and belief, a Maryland corporation authorized to sell surety bonds in the state of Washington and is a compensated surety and bonding company for Dix. At all times material hereto, Fidelity was doing business as a surety company in the state of Washington.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

4. Dix was the prime contractor on the construction project commonly known as Little Goose Downstream Miter Gate Repair (hereinafter "the Project").

IMPACT LAW GROUP PLLC
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

5. The owner of the Project is the United States Army Corps of Engineers, Walla Walla District (hereinafter "the Government"), which entered into Prime Contract No. W912EF-16-C-0019 (hereinafter "Prime Contract") with Dix on May 9, 2016.

6. In accordance with the Miller Act, Dix, as principal, and Fidelity, as surety, provided the United States of America with Payment Bond No. 9216357, jointly and severally guaranteeing full payment to persons and entities who supplied labor and materials in connection with the Project, including Barnhart. A copy of the bond is attached as Exhibit A (hereinafter referred to as "Payment Bond").

7. Barnhart supplied labor, equipment, and engineering to jack, slide, and stage two Miter gates, and other work as a subcontractor for Dix for the construction of the Project pursuant to its Subcontract Agreement with Dix.

8. Barnhart has performed all conditions, covenants, obligations, and promises to be required to be performed pursuant to its Subcontract Agreement with Dix, or has been excused from so doing by the actions or omissions of Defendants by operation of law.

9. Barnhart regularly invoiced Dix during the Project.

COMPLAINT - 3

10. Dix has failed and refused to pay Barnhart for the work it performed on the Project and for which Barnhart invoiced Dix and is currently indebted to Barnhart in the principal amount of $204,110, plus interest, costs and attorneys' fees.

### III.  JURISDICTION AND VENUE

11. Barnhart re-alleges and re-incorporates by reference paragraphs 1 through 10, above, as though fully set forth herein.

12. This action arises, and the Court has jurisdiction, pursuant to 40 U.S.C. § 3131, *et seq.*, commonly known and referred to hereinafter as the Miller Act, and pursuant to 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as Barnhart's claims and causes of action against Dix are so related to its claims against Fidelity that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this Court because the Project at issue is located in Spokane County, Washington, within this District. Venue is also proper in this Court in that 40 U.S.C. § 3131, *et seq.*, provides that every suit initiated under this Section shall be brought in the United States District

COMPLAINT - 4

**IMPACT LAW GROUP PLLC**
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

Court for any district in which the contract was performed. Venue is also appropriate in this District pursuant to 28 U.S.C. § 1391 in that this jurisdictional district is where the acts, events, and omissions giving rise to Barnhart's claims occurred.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Breach of Contract (Against Dix)

14. Barnhart re-alleges and re-incorporates by reference paragraphs 1 through 13, above, as though fully set forth herein.

15. Barnhart has performed all conditions, covenants, obligations, and promises to be required to be performed pursuant to its Subcontract Agreement with Dix, or has been excused from so doing by the actions or omissions of Defendants by operation of law, but has not been paid for its work.

16. Dix has materially breached express and implied obligations owing to Barnhart under the Subcontract Agreement, including the implied obligation of good faith and fair dealing, by failing and refusing to pay Barnhart for all labor, material, and equipment Barnhart supplied for the Project.

COMPLAINT - 5

IMPACT LAW GROUP PLLC
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

17. As a direct and proximate result of Dix's breach, Barnhart has suffered damages in an amount to be proven at trial, but not less than $204,110, plus interest, costs and attorneys' fees.

## SECOND CAUSE OF ACTION

### Unjust Enrichment and Quantum Meruit (Against Dix)

18. Barnhart re-alleges and re-incorporates by reference paragraphs 1 through 17, above, as though fully set forth herein.

19. Barnhart provided valuable labor, services, material and equipment that were necessary for Dix to complete its obligations under its Prime Contract with the Government.

20. Dix has failed and refused to pay Barnhart for the labor, services, material and equipment that were provided by Barnhart for the Project.

21. Alternatively, to the extent it is asserted or established that Barnhart provided base contract work, extra work, and other labor or materials for the Project upon the order and direction of Dix and such labor and materials were received and accepted by Dix, which substantially improved and benefitted the Project and which Dix knew or should have known that Barnhart expected to be paid for, Barnhart is entitled to recover

IMPACT LAW GROUP PLLC
1325 FOURTH AVENUE, SUITE 1400
SEATTLE, WASHINGTON 98101
(206) 792-5230 • (206) 452-0655 FAX

those amounts.

22. Dix is indebted to Barnhart in an amount to be proven at trial, but not less than $204,110, plus interest thereon, for the amount it has been unjustly enriched at the expense of Barnhart.

## THIRD CAUSE OF ACTION

### Miller Act Claim – Bond Obligation

23. Barnhart re-alleges and re-incorporates by reference paragraphs 1 through 22, above, as though fully set forth herein.

24. Barnhart was a first-tier subcontractor, therefore it was not obligated to file a notice of claim prior to bringing this action.

25. In accordance with the terms of the Payment Bond and the Miller Act, Dix, as principal, and Fidelity, as surety, are jointly and severally liability to Barnhart in an amount to be proven at trial, but not less than $204,110, plus interest thereon and the costs of maintaining this action.

26. More than ninety (90) days, but not more than one (1) year, has expired from the last date upon which Barnhart furnished labor, materials, and equipment for the Project.

27. Barnhart is entitled to foreclose its claim in the amount it proves against the Payment Bond.

## V. JURY DEMAND

28. Pursuant to Fed. R. Civ. P. 38, Barnhart demands a jury in this matter to all claims and issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, the UNITED STATES OF AMERICA, for the use and benefit of BARNHART CRANE AND RIGGING CO., prays for the following relief:

1. For a judgment, jointly and severally, against all Defendants on Barnhart's claims in the principal sum of $204,110, or such amount proven at trial;

2. For an order foreclosing Barnhart's claim against the Payment Bond held by Fidelity and Deposit Company of Maryland in the principal sum of $204,110, or such amount proven at trial;

3. For an award of prejudgment interest at the maximum legal rate from a date according to proof;

4. For an award of attorneys' fees and costs pursuant to the terms of the Subcontract Agreement and/or to the fullest extent allowed by contract, law, and equity; and

5. For such other and further relief as the Court finds just and

1  equitable.

2  DATED this 1st day of February, 2018.

3  **IMPACT LAW GROUP PLLC**

5  By: */s/ David F. Betz*
   David F. Betz, WSBA No. 28518
6  1325 Fourth Avenue, Suite 1400
7  Seattle, WA 98101
   Telephone: (206) 792-5230
8  Fax: (206) 452-0655
   Email: david@impactlawgroup.com
9  Attorneys for Plaintiff

COMPLAINT - 9